# FRANCISCA FERNANDEZ DE BOLIVAR AND PEDRO BOLIVAR, Husband and Wife,

*v.*

# PORTO RICO RAILWAY, LIGHT, & POWER COMPANY.

---

San Juan, Law, No. 930.

ON AMENDED DEMURRER TO AMENDED COMPLAINT.

Pleadings—Ownership of Land.

    1. Where the pleadings show that the property belongs to husband and wife as owners, the wife, under § 161 of the Civil Code of Porto Rico, will be held to be properly in court in connection with her own property.

Pleading.

    2. Where the defendants are in possession of land at the time of the alleged trespass, plaintiffs cannot sue for damages, nor for the statutory penalty in article 279 of the Code of Civil Procedure. Land title cannot be settled in a damage suit.

Pleading—General Demurrer.

    3. A general demurrer not stating a specific objection may, under the Code of Civil Procedure, § 105, be disregarded.

Trespass—Merger.

    4. Damages subsequent to the ouster are merged in it, and cannot be recovered except in connection with a suit for possession of the land.

Opinion filed May 7, 1913.

*Mr. Jos. Anderson, Jr.,* for plaintiffs.

*Mr. J. Henri Brown* for defendant.

HAMILTON, Judge, delivered the following opinion:

1. The grounds for demurrer set out present in the first place the question whether the property sued for is community or ganancial on the one side, or separate or privative property on the other. The allegation of the bill is that the property belongs to the two plaintiffs as owners. Under this the court deems it unnecessary to draw any inferences as to how the ownership arose, and holds that under § 161 of the Civil Code the wife in this case properly appears in court in connection with her own rights and property. The demurrer is therefore overruled as to the first ground set up.

2. Construing the complaint as a whole against the pleader, it would seem that the defendant ousted the plaintiffs from a certain piece of land, and still holds it. In that view of the case the plaintiffs cannot sue for trespass or damages to land of which they are not in possession, but should sue in ejectment or some similar proceeding. In this view of it they could not sue in such a case for a statutory penalty provided in § 279 of the Code of Civil Procedure. The second and fourth grounds of the demurrer are therefore sustained. Land titles cannot be settled in a damage suit.

3. The third division of the demurrer is a general demurrer not stating any ground at all. It is true that § 105 of the Code of Civil Procedure allows a demurrer when it appears on the complaint:—"6th. That the complaint does not state facts suffi-

cient to constitute a cause of action,"—but the succeeding section says that: "The demurrer must distinctly specify the grounds upon which any objections to the complaint are taken. Unless it does so, it may be disregarded." Such general demurrers do not notify the opposing party of the real objections, and so do not permit full argument. The court is therefore constrained to disregard them, unless perhaps in some very clear cases.

4. Construing the complaint against the pleader, it would appear that the trespass caused by cutting trees was subsequent to the ouster of the defendants, and consequently is merged in the ouster. Subsequent damages cannot be recovered except in connection with a suit for the recovery of land.